IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DENNIS SHOEMAKER, on behalf of )
and in the right of GLOBAL SPORTS )
PRODUCTIONS, LLC, an Alabama )
Limited Liability Company; DENNIS )
SHOEMAKER, individually, )
                                       ) Civil Action Number: 1:15cv248 LG-RHW
     Plaintiffs, )
                                       )
v. )
                                       )
UNITED STATES SPECIALTY )
SPORTS ASSOCIATION, a )
corporation; SCOTTIE B. MOBLEY, )
     Defendants. )

## NOTICE OF REMOVAL

Defendant Scottie B. Mobley gives notice of the removal of this action from the Chancery Court of George County, Mississippi, where it is presently pending, to the United States District Court for the Southern District of Mississippi, Southern Division, pursuant to 28 U. S. C. §§ 1332 and 1446. In support of removal, defendant Mobley shows the Court the following:

    1.    An action with the caption shown above was commenced in the Chancery Court on July 2, 2015, and was assigned by that court case number 2015-0176-MLF.

    2.    Copies of all pleadings, process and orders served on this defendant are attached to this Notice as Exhibit A.

3. The summons and complaint were served upon this defendant fewer than 30 days prior to the filing of this Notice of Removal in this Court.

4. As set out below, this Court has diversity jurisdiction of the subject matter of the complaint because the real parties in interest are citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds $75,000, as required by 28 U. S. C. § 1332.

5. There are two defendants named in the complaint, defendant Mobley and United States Specialty Sports Association, a corporation. The other defendant will promptly file its consent to the removal.

A. **Diversity of Citizenship**

6. The complaint alleges that Global Sports Productions, LLC, is an Alabama limited liability company, and that the members of that LLC are defendant Mobley and Dennis Shoemaker. Dennis Shoemaker is identified in the caption of the Complaint as a plaintiff.

7. Dennis Shoemaker is a resident citizen of George County, Mississippi. Defendant Scottie B. Mobley is a resident citizen of Madison County, Alabama.

8. Defendant United States Specialty Sports Association is a corporation organized under the law of Virginia with its principal place of business in Florida.

9. Thus there is complete diversity between plaintiff Shoemaker (Mississippi) and defendants United States Specialty (Virginia and Florida) and Mobley (Alabama), and neither defendant is a citizen of Mississippi.

10. The caption of the complaint and its introductory paragraph assert that plaintiff Shoemaker sues "on behalf of and in the right of GLOBAL SPORTS PRODUCTIONS, LLC." If the LLC is a party plaintiff, there is no diversity jurisdiction, because under the law of this and virtually all other circuits, an LLC is attributed the citizenship of each of its members, so GLOBAL and defendant Mobley have the same citizenship. See *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1047 (5th Cir. 2008) However, under applicable law the LLC is not a party plaintiff in this case.

11. The complaint alleges that Global is an Alabama limited liability company. The body of the complaint (paragraphs 9-13), invokes a variety of provisions of the Alabama limited liability company law as governing the relationship of the parties. A description of the true nature of its action is found in paragraph 21 of the complaint, which alleges as follows:

> 21. With respect to each claim asserted below by Shoemaker as a derivative action, on behalf of and in the right of Global, no demand has been made by Shoemaker upon Global to bring an action to enforce Global's rights, because a demand would be futile. The demand should be excused as futile because Mobley has declared his intention to dissolve Global, and because Mobley, the Managing Member of Global vested by statute with the direction and oversight of its activities and affairs, is himself a wrongdoer from whom relief is demanded and whose actions rendered USSSA liable for wrongdoing.

12. As stated in that Paragraph 21 and in Paragraphs 23, 25, 30 and 34, plaintiff Shoemaker brings all of these claims as an Alabama LLC derivative action. This LLC was formed in 2015, so the derivative action and plaintiff Shoemaker's right to bring it, are controlled by Article 9 of Code of Alabama § 10A-5A. That

3

article contains several linked provisions relating to the right to bring a derivative action by a member, the standing of a member to bring an action, and the distribution of the proceeds of a successful derivation action. Section 10A-5A-9.02(a) states: "A member may commence or maintain a derivative action in the right of a limited liability company to enforce a right of the limited liability company. . . ." Section 10A-5A-9.03(a), dealing with Standing, requires that the member who commences the action be "a member of the limited liability company at the time of the act or omission of which the member complains. . . ." Section 10A-5A-9.04 deals with the requirement of an antecedent Demand, and states that the plaintiff member must "first make a written demand upon the limited liability company. . . to bring an action to enforce the right and if the limited liability company. . . does not bring the action within a reasonable time. . . or a demand under section (a) would be futile. Finally, § 10A-5A-9.08, captioned Proceeds and expenses, reads as follows:

> (a) Except as otherwise provided in subsection (b):
>
> (1) any proceeds or other benefits of a derivative action, whether by judgment, compromise, or settlement, belong to the limited liability company. . . and not to the derivative plaintiff; and
>
> (2) if the derivative plaintiff receives any proceeds, the derivative plaintiff shall immediately remit to the limited liability company. . . .
> (b) If a derivative action is successful and whole or in part, the court may award the plaintiff reasonable expenses, including reasonable attorney's fees, from the recovery of the limited liability company. . . .

13. All of these segments of the derivative action article, particularly the repeated counterpoint between the plaintiff member and the "limited liability

company" make plain that in an Alabama LLC derivative action the LLC itself is not a plaintiff; rather, the party plaintiff in such action is a member and, though the member acts "in the right of" the LLC, the member sues alone to seek the remedy for "the act or omission of which the member complains" and then, upon the plaintiff member's recovery, that plaintiff must immediately pay it over to the LLC.

14. In a diversity case, a federal court must look to state law to determine which party holds the substantive right to be enforced. *See Farrell Construction Co. v. Jefferson Parish,* 896 F. 2d 136,140 (5th Cir. 1990); *Wiregrass Home Builders, Inc. v. Investment Acquisitions Group, LLC,* 2011 WL 3349823 at *5 (S. D. Miss. Aug. 2, 2011). In this case, the substantive law of Alabama defines the party who holds the right to be enforced in this LLC derivative action (if any), and that proper plaintiff is Dennis Shoemaker only. Global Sports Production, LLC, is not to be treated as a plaintiff, so there is complete diversity of citizenship.

B. **Amount In Controversy**

15. The complaint does not demand a particular amount of damages. The allegations of the complaint are that the individual parties were involved in the business of sponsoring and marketing youth baseball events and tournaments in Mississippi, Alabama and Florida. The details of that business are not spelled out in the complaint, but it is lucrative and derives revenue from a variety of sources at each event, including team participation fees, spectator fees, concession percentages, etc. The aggregation of these revenues from a number of events over a period of time would easily exceed $75,000.

15. In *Dart Cherokee Basin Operating Co. v. Owens*, ____ U. S. _____, 135 S. Ct. 547 (2014), the Supreme Court stated, regarding the amount-in-controversy allegations in a Notice of Removal:

> In sum, as specified in § 1446 (a) a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446 (c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Id.* at 554.

C. **Other Matters**

16. Removal to this Court is proper because the United States District Court for the Southern District of Mississippi, Southern Division comprises George County, Mississippi, where the state court action was filed. 28 U. S. C. § 104 (b)(2).

17. Immediately upon filing this Notice, a copy of same will be filed with the clerk of the Chancery Court, which will affect the removal.

_____
JARROD J. WHITE – (MS #99262)
Attorney for Defendant
Scottie B. Mobley

CABANISS, JOHNSTON, GARDNER
 DUMAS & O'NEAL LLP
P. O. Box 2906
Mobile, AL 36652
 (251) 415-7300
 (251) 415-7350 (Fax)
jjw@cabaniss.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing on all parties to this proceeding, or their attorney of record, as follows:

Mark A. Maples, Esq.
Law Office of Mark Maples
362 Summer Street
Lucedale, Mississippi 39452

Steven A. Martino, Esq.
Mallory J. Mangold, Esq.
Taylor Martino, PC
P.O. Box 894
Mobile, Alabama 36601

by placing the same in the United States mail, first class postage prepaid and properly addressed this 31st day of July, 2015.

_____