## IN THE CHANCERY COURT OF GEORGE COUNTY, MISSISSIPPI

**DENNIS SHOEMAKER, on behalf of and in the
right of GLOBAL SPORTS PRODUCTIONS, LLC,
an Alabama Limited Liability Company;
DENNIS SHOEMAKER, Individually**                                    **PLAINTIFFS**

**VERSUS**                                                          CASE NO. **2015-0176-MLF**

**UNITED STATES SPECIALTY SPORTS
ASSOCIATION, a corporation;
SCOTTIE B. MOBLEY**                                                 **DEFENDANTS**

F I L E D

JUL 0 2 2015

Cammie Brannan Byrd, Chancery Clerk
By_____ D.C.

### 30-DAY SUMMONS

**TO:**   **Scottie B. Mobley**
          **455 Greenwood Road**
          **Piedmont, AL 36272**

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to:

MALLORY J. MANGOLD          AND          MARK A. MAPLES
AND STEVEN A. MARTINO                    ATTORNEY AT LAW
ATTORNEYS AT LAW                         362 SUMMER STREET
P.O. BOX 894                             LUCEDALE, MS 39452
MOBILE, AL 36601

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or judgment of default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER my hand and seal of said Court this the _2_ day of _July_, 2015.



CAMMIE BRANNAN BYRD
CHANCERY CLERK
GEORGE COUNTY, MISSISSIPPI
By: _Tiffany O'Neal_ D.C.

**EXHIBIT**
_A_



## IN THE CHANCERY COURT OF GEORGE COUNTY, MISSISSIPPI

DENNIS SHOEMAKER, on behalf of and     *
in the right of GLOBAL SPORTS     *
PRODUCTIONS, LLC, an Alabama     *
Limited Liability Company; DENNIS     *
SHOEMAKER, individually,     *

    *

    Plaintiffs,     *

    *

v.     *

    *

UNITED STATES SPECIALTY SPORTS     *
ASSOCIATION, a corporation; SCOTTIE     *
B. MOBLEY,

Defendants.

**FILED**

JUL 0 1 2015

Cammie Brannan-Byrd, Chancery Clerk
By_____ D.C.

Case No. 2015-0176MLF

### COMPLAINT

Plaintiff Dennis Shoemaker, on behalf of and in the right of Global Sports Productions, LLC, and Plaintiff Dennis Shoemaker, in his individual capacity, bring the following Complaint against Scottie B. Mobley:

### PARTIES AND VENUE

1.      Global Sports Productions, LLC ("Global"), is an Alabama limited liability company.  The Members of Global are Scottie B. Mobley and Dennis Shoemaker.

2.      Dennis Shoemaker ("Shoemaker") is a resident citizen of George County, Mississippi.

3.      The United States Specialty Sports Association ("USSSA") is a corporation organized under the laws of Virginia with its principal place of business in Florida.  USSSA sanctions and promotes a variety of sports on a nationwide basis, including youth baseball.

4.      Scottie B. Mobley ("Mobley") is a resident citizen of Calhoun County, Alabama.

5.      Venue is proper in George County under Miss. Code Ann. § 11-11-3 (1)(8)(i), in that a substantial alleged act, or a substantial event that caused the injury, occurred in George County.  Venue is further proper in George County pursuant to Miss.R.Civ.P. 82(c).

## FACTUAL BACKGROUND

6.      In February 2015, Shoemaker and Mobley formed Global, and executed a Company Operating Agreement (the "Operating Agreement").  Global was organized for the purpose of promoting and marketing youth sporting events.  Mobley was a Vice-President of USSSA baseball and the Director of USSSA baseball for Alabama. Shoemaker was the Tournament Director for USSSA baseball in Mississippi, Alabama, and the Florida Panhandle.  Global organized, promoted, sponsored, and marketed USSSA youth baseball tournaments through the activities of Shoemaker and Mobley in their capacities with USSSA, although primarily through the activities of Shoemaker. The Operating Agreement designated Mobley as the Managing Member of Global.

7.      Shoemaker and Mobley held a meeting in George County, Mississippi, and agreed to form Global.  The Operating Agreement was the final expression of the terms agreed upon by Shoemaker and Mobley in George County.  Shoemaker executed the Operating Agreement in George County, Mississippi.

8.      Section 8.4 of the Operating Agreement provides, "The Members shall take all action that may be necessary or appropriate for the continuation of the

Company's valid existence as a limited liability company under the laws of the State of Alabama ...."

9.      Section 17.1 of the Operating Agreement provides that it "shall be interpreted in accordance with the laws of the State Alabama." Accordingly, Global and its Members are subject to the Alabama Limited Liability Company Law of 2014, Ala. Code 1975 § 10A-5A-1.01, et seq.

10.     Ala. Code 1975 § 10A-5A-4.08(e)(1) provides that the managing member of a limited liability company is subject to an implied contractual covenant of good faith and fair dealing in his dealings with the company and its members under the statute and under the limited liability company agreement. Pursuant to § 10A-5A-1.08(b)(1) and (2), the implied contractual covenant of good faith and fair dealing may not be eliminated or limited by the limited liability company's operating agreement.

11.     Section 10A-5A-4.08(b)(1) provides that the managing member of a limited liability company owes a duty to the company to account for any benefit derived by the managing member in the conduct of the limited liability company's activities and affairs, including the appropriation of the limited liability company's opportunities.

12.     Section 10A-5A-4.08(b)(2) provides that the managing member of a limited liability company must refrain from dealing with the company in the conduct of its activities and affairs as, or on behalf of, a party having interests adverse to the limited liability company.

13.     Section 10A-5A-4.08(b)(3) provides that the managing member of a limited liability company must refrain from competing with the company in the conduct of the company's activities and affairs before the dissolution of the company.

14.   On or about May 5, 2015, Mobley, acting within the line and scope of his capacity as an agent, servant, or employee of USSSA, willfully, intentionally, and without justification terminated Shoemaker's affiliation with the USSSA, including the termination of his position as Tournament Director.  The termination was accomplished through an email signed by Mobley and by Scotty Baker, the Mississippi State Director for USSSA baseball.  The email was sent to and received by Shoemaker in George County, Mississippi, and on information and belief, was sent from DeSoto County, Mississippi.  Because Mobley acted willfully, he is liable to Global for his misconduct under § 8.7 of the Operating Agreement.  Ever since Mobley terminated Shoemaker's affiliation with USSSA, Mobley has effectively shut out Shoemaker from the conduct of Global's affairs.

15.   Mobley's termination of Shoemaker's affiliation with USSSA violated § 8.4 of the Operating Agreement because it was inconsistent with the continuation of Global's  valid existence as a limited liability company, in that it severely impaired Global's ability to sponsor, promote, and market youth baseball tournaments and thereby impaired Global's ability to conduct the business in which it was engaged.

16.   For the same reasons, Mobley's termination of Shoemaker's affiliation with USSSA violated the implied covenant of good faith and fair dealing imposed by the governing Alabama statute upon Mobley in his dealings with Global.

17.   After the termination of Shoemaker's affiliation with USSSA, Mobley convinced officials of Biloxi and Ocean Springs, Mississippi, to abandon agreements Shoemaker had procured whereby those cities would conduct youth baseball tournaments sponsored and promoted by Global.  Mobley convinced these officials to

conduct the youth baseball tournaments with Mobley in his individual capacity acting as the promotor and sponsor.  In so doing, Mobley acted willfully and intentionally and at all times within the line and scope of his capacity as an agent, servant, or employee of USSSA.

18.     Mobley's actions violated § 8.4 of the Operating Agreement.  Mobley's actions also violated the duty of good faith and fair dealing imposed by the governing Alabama statute upon Mobley's dealings concerning Global.   Mobley's actions further violated the fiduciary duties imposed upon him by the governing Alabama statute not to deal with Global in the conduct of its affairs as a party having an interest adverse to Global, and not to compete with Global in the conduct of its affairs before the dissolution of Global.  Additionally, under the governing Alabama statute, Mobley must account to Global for the benefit or profit he derived from his appropriation of Global's opportunities to promote and sponsor youth baseball tournaments.

19.     Global has lost profits due to Mobley's impairment of Global's ability to promote and sponsor youth baseball tournaments, and due to Mobley's appropriation of Global's business opportunities.

20.     Mobley has not distributed to Shoemaker his fifty percent of Global's profits that were generated before Mobley terminated his affiliation with the USSSA. The distribution of these profits is the responsibility of Mobley as Managing Member, pursuant to Ala.Code 1975 § 10A-5A-4.07(a), which provides that the activities and affairs of a limited liability company may be under the direction of one or more managers.  As part of Mobley's termination of Shoemaker's affiliation with the USSSA, Mobley has willfully failed and refused to distribute these profits to Shoemaker.

21.    With respect to each claim asserted below by Shoemaker as a derivative action, on behalf of and in the right of Global, no demand has been made by Shoemaker upon Global to bring an action to enforce Global's rights, because a demand would be futile.  The demand should be excused as futile because Mobley has declared his intention to dissolve Global, and because Mobley, the Managing Member of Global vested by statute with the direction and oversight of its activities and affairs, is himself a wrongdoer from whom relief is demand and whose actions rendered USSSA liable for wrongdoing.

## COUNT ONE
### (Equitable Accounting)

22.    Plaintiffs reallege all preceding allegations.

23.    Plaintiff Shoemaker, as a derivative action on behalf of and in the right of Global, seeks an equitable accounting of the profits generated by Global since the termination of Shoemaker's affiliation with the USSSA and his ouster from the conduct of Global's affairs, as well as an equitable accounting of all funds generated by Mobley from sponsoring and promoting youth baseball tournaments in his individual capacity after the aforesaid events occurred.  An accounting is necessary to determine the exact amount of the profits and funds that are the property of Global and/or which Mobley has a duty to hold in trust for Global and to account to Global for.  An accounting is necessary to determine where this money is and what form it now assumes.

24.    Plaintiff Shoemaker, in his individual capcity, seeks an accounting of the profits distributable to him that were generated before the termination of his affiliation with the USSSA   and his ouster from the conduct of Global's affairs.  An accounting is

necessary to determine the exact amount of this money, where it is, and what form it now assumes.

WHEREFORE, Plaintiffs pray that the Court will order an accounting as aforesaid, to determine the amount of monies they are owed, and further pray for such other and further relief which they may be entitled.

## COUNT TWO
### (Breach of Contract on Behalf of Global)

25.     Plaintiff Shoemaker brings this claim as a derivative action on behalf of and in the right of Global.

26.     Plaintiff realleges all preceding allegations.

27.     Mobley's aforesaid actions terminating Shoemaker's affiliation with USSSA, and appropriating Global's business opportunities, breached § 8.4 of the Operating Agreement.

28.     Mobley's aforesaid actions terminating Shoemaker's affiliation with USSSA, and appropriating Global's business opportunities, breached the implied covenant of good faith and fair dealing imposed upon Mobley as Managing Member by the governing Alabama statute.

29.     As a proximate result of Mobley's breaches, Global was caused to lose profits it would otherwise have generated.

WHEREFORE, Plaintiff demands judgment against Mobley for monetary damages in the amount of Global's lost profits, the amount to be determined by this Court, plus interest and the costs of this action.

## COUNT THREE
### (Breach of Fiduciary Duty)

30.     Plaintiff Shoemaker brings this claim as a derivative action on behalf of and in the right of Global.

31.     Plaintiff realleges all preceding allegations.

32.     Mobley's aforesaid actions in appropriating Global's business opportunities breached the fiduciary duties imposed upon Mobley as a Managing Member under the governing Alabama statute.

33.     As a proximate result of Mobley's breaches of fiduciary duty, Global lost profits it would otherwise have generated.

WHEREFORE, Plaintiff demands judgment against Mobley for monetary damages in the amount of Global's lost profits, the amount to be determined by this Court, plus interest and the costs of this action.

## COUNT FOUR
### (Intentional Interference With Contract)

34.     Plaintiff Shoemaker brings this claim as a derivative action on behalf of and in the right of Global.

35.     Plaintiff realleges all preceding allegations.

36.     Mobley's aforesaid actions terminating Shoemaker's affiliation with the USSSA, and appropriating Global's business opportunities, were all done in the line and scope of his capacity as an agent, servant, or employee of USSSA.  Therefore, USSSA, a non-party to the Operating Agreement, intentionally interfered with the Operating Agreement.

37.    USSSA's termination of Shoemaker's affiliation with it was an intentional and willful interference with Global's Operating Agreement.

38.    USSSA's termination of Shoemaker was calculated to cause damage to Global in its lawful business.

39.    USSSA's termination of Shoemaker was done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of USSSA, which constituted malice.

40.    Actual damage and loss resulted, in that Global lost profits it would otherwise have generated as aforesaid, and USSSA's termination of Shoemaker was the proximate cause of the damage and loss suffered by Global.

41.    But for USSSA's termination of Shoemaker, Global's Operating Agreement would have been performed, in that Global would have continued to promote and sponsor youth baseball tournaments arranged by Shoemaker, when promoting and sponsoring youth baseball tournaments was Global's purpose.

WHEREFORE, Plaintiff demands judgment against USSSA for monetary damages in the amount of Global's lost profits, the amount to be determined by this Court, plus interest and costs.

## COUNT FIVE
### (Breach of Contract Asserted by Shoemaker Individually)

42.    Plaintiff Shoemaker brings this claim in his individual capacity against Mobley.

43.    Plaintiff realleges all preceding allegations.

44.    Mobley's aforesaid actions as Managing Member, in not distributing to Shoemaker his share of Global's profits generated by Global before Shoemaker's

affiliation with USSSA was terminated and Shoemaker was shut out of Global, breached Global's Operating Agreement.   Mobley's said actions further breached the implied covenant of good faith and fair dealing imposed upon him as Managing Member by the governing Alabama statute.  Section 4.2 of the Operating Agreement provides that each Member's interest in Global's profits is the Percentage Interest set forth in Exhibit "A" to the Operating Agreement.   Exhibit "A" sets Shoemaker's percentage interest at fifty percent.

WHEREFORE, Shoemaker, in his individual capacity, demands judgment against Mobley for monetary damages in the amount of his undistributed profits, the amount to be determined by this Court, plus interest and costs.

Attorneys for Plaintiffs,

/s/ Mark A. Maples
Mark A. Maples
Law Office of Mark Maples
362 Summer St.
Lucedale, Mississippi
(601) 947-2161 – Telephone

/s/ Mallory J. Mangold
Mallory J. Mangold
MS Bar No. 103784
Steven A. Martino
TAYLOR MARTINO, PC
P.O. Box 894
Mobile, AL  36601-0894
(251) 433-3131 – Telephone
(251) 433-5080 – Facsimile
mmangold@taylormartino.com
stevemartino@taylormartino.com

## DEFENDANTS TO BE SERVED:

Scottie B. Mobley                                       *Certified Mail by Clerk*
455 Greenwood Road
Piedmont, AL 36272

United States Specialty Sports Association              *Certified Mail by Clerk*
c/o Wendi S. Brockwell
611 Line Drive
Kissimmee, Florida 34744